133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William N. SCHENCK, Plaintiff-Appellant,
v.
Elaine EDWARDS, Cliff Pease; Gary Pierce; John Whalen;
Tana Wood; Ron Van Boening; Tom Rolfs; Chase
Riveland, Defendants-Appellees.
 No. 96-35233.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1997.
Decided Jan. 7, 1998.
 
 Before: WRIGHT, BOOCHEVER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Schenck appeals the district court's dismissal on summary judgment of his 42 U.S.C. § 1983 claims against prison officials.
 
 I. Injunctive Relief
 
 3
 Schenck seeks both unspecified damages and injunctive relief because he was convicted of a prison infraction for unauthorized use of the mails. He was sentenced to ten days of disciplinary segregation which was suspended for 180 days. The sentence was never imposed because Schenck remained infraction-free for 180 days.
 
 
 4
 Because Schenck is no longer incarcerated--he was released March 17, 1996--his claim for injunctive relief is moot. "To obtain injunctive relief, a reasonable showing of a sufficient likelihood that a plaintiff will be injured again is necessary." Kruse v. State of Hawai'i, 68 F.3d 331, 335 (9th Cir.1995) (citations omitted) (quotations omitted). Because it is not likely that Mr. Schenck will again be incarcerated and subjected to a similar injury in the future, he lacks standing to seek injunctive relief.
 
 
 5
 In contrast, Schenck's damages claim survives.
 
 II. Alleged Due Process Violation
 
 6
 Mr. Schenck alleges that he was charged, convicted, and punished for a "violation of a non-existent prohibition against inmate-to-inmate legal correspondence," and that this was a violation of his due process right to fair notice of what conduct was prohibited by prison regulations. An individual's due process rights may be violated if he is sanctioned for conduct that he had insufficient notice was proscribed. Grayned v. City of Rockford, 408 U.S. 104, 108 (1972).
 
 
 7
 Schenck was charged with "unauthorized use of the mails" for sending documents constituting contraband to Skylstad, another inmate. The infraction report also asserted that "[a]n [i]nmate doing legal work for another [inmate] creates an inmate to inmate debt which is a threat to the orderly operation of the institution."
 
 
 8
 Skylstad's legal papers constituted "contraband" because inmates may not possess each other's legal documents.[1] The Department of Corrections' directives state that inmates assisting other inmates "in the pursuit of legal matters may not retain or possess the other inmates's [sic] personal legal documents/ papers." Division Directive, DOP 590.500(B)(4). By his own admission, Schenck came into possession of Skylstad's legal papers when he retrieved them from the library and attempted to post them to Skylstad.
 
 
 9
 To demonstrate that prison regulations permit the inmate-to-inmate exchange of legal papers, Schenck quotes Division Directive DOP § 590.500A(1)(f): "Due to the increased sensitivity and security concerns related to inmate-to-inmate mail, all inmates may expect close scrutiny of such mail that is designated by the inmate to be Legal Mail." But Schenck reads § A(1)(f) out of context. The preceding section, § A(1)(e), provides that "[i]n order for inmate-to-inmate mail to be considered and handled as Legal Mail, it will be the inmate's responsibility to demonstrate to the Superintendent that the inmates are co-parties in the legal matter." Read in context, the section upon which Mr. Schenck relies refers only to legal mail between inmates who are co-parties in a lawsuit, which Schenck and Skylstad were not. The regulation does not create the ambiguity Schenck suggests.
 
 
 10
 The "unauthorized use of the mail" charge against Schenck was enhanced under the prison regulations because "[a]n [i]nmate doing legal work for another [inmate] creates an inmate to inmate debt which is a threat to the orderly operation of the institution." The regulations provide in relevant part: "Commission of any general infraction ... in such a manner as likely to ... create a risk to the orderly operation of the institution ... shall be considered a serious infraction, provided there is substantial evidence which establishes there was such a danger." Wash. Admin. Code § 137-28-030(701) (1994). Schenck claims there was no "substantial evidence" to support the enhancement.
 
 
 11
 That a debt was created is supported by the note which Schenck claims to have received from inmate Skylstad, asking Schenck "Can you do me a big favor?" In the prison context, conferring a favor creates a debt. That such an inmate-to-inmate debt creates a risk to the orderly operation of the institution is illustrated by the affidavit of Lt. Pease, upon which the district court properly relied. Thus, the district court properly found Schenck's due process claims to be without merit.
 
 III. First Amendment claim
 
 12
 Schenck alleges that officials opened and read his legal mail outside of his presence, and that mail he tried to post was refused. "Legal Mail" is quite specifically defined in the prison regulations. To qualify as legal mail, "[t]he front of the envelope must be clearly marked LEGAL MAIL." Division Directive, DOP § 590.500. Schenck admits that his opened mail was not marked "LEGAL MAIL" but instead "Legal Documents Enclosed." While the difference may seem slight, the latter does not conform to prison regulations and, although it denotes that legal documents are contained within the envelope, it does not ensure that its contents are exclusively "legal mail." Such improper labelling vitiated the mail's exemption from search.
 
 
 13
 Schenck also alleges that the Department of Corrections refused to accept six "legal letters/documents" submitted for mailing on one day. Schenck fails to explain how the mail restrictions improperly impaired his ability to communicate. The regulations would permit him to mail all six letters of which he complained and to communicate with his intended correspondents. He has not alleged how his volume of mailing would require him to exceed the regulation's postage allowance.
 
 
 14
 Because we agree with the district court that Schenck's claims are without merit, we need not address the issue of qualified immunity.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Washington Administrative Code § 137-48-040 authorizes correctional officials to disapprove for receipt incoming or outgoing mail which contains contraband or is deemed to be a threat to legitimate penological objectives. "Contraband" includes any item that is controlled, limited, or prohibited on the premises. Wash. Admin. Code § 137-48-020(1)